```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES,
```

      Plaintiff,        **ORDER**

     -against-         97 CR 1177 (DRH)

KEITH RICHTER,
      Defendant.
----------------------------------------------------X

**APPEARANCES:**

**Keith Richter, Pro Se**
P.O. Box 1000
Lewisburg, Pennsylvania 17837

**Roslynn R. Mauskopf**
**United States Attorney, Eastern District of New York**
One Pierrepont Plaza
Brooklyn, New York 11201
By: Peter A. Norling, A.U.S.A.

**HURLEY, District Judge:**

    On March 20, 1998, Defendant pled guilty to conspiracy and attempt to murder in aid of racketeering and assault with a dangerous weapon in aid of racketeering, both in violation of 18 U.S.C. § 1959(a). On September 4, 1998, he was sentenced to 192 months incarceration. Defendant did not appeal his sentence.

    On December 9, 2005, Defendant filed a "Memorandum of Law in Support of Motion Under Rule 60(b) (1 thru [sic] 6)." By Order dated December 30, 2005, the Court denied Defendant's motion for relief under Rule 60(b) without prejudice to convert his motion to a habeas corpus petition under 28 U.S.C. § 2255. Defendant was directed to advise the Court within 60 days if he wished to convert his motion.

    On January 20, 2006, Defendant submitted a "Response to Court Order"

indicating that he did not wish to convert his Rule 60(b) motion into a habeas corpus petition. Rather, Defendant requested that the Court accept his new submission entitled "Application for Writ of Audita Querela." By Order dated January 27, 2006, the Court directed the Government to respond to Defendant's application. The Court is now in receipt of the Government's response, as well as Defendant's reply.

"Though formally abolished in civil cases, *see* Fed. R. Civ. P. 60(b), the writ[] of audita querela remain[s] available in very limited circumstances with respect to criminal convictions." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). The writ is "probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Id.*

Although not a model of clarity, Defendant's writ appears to be based on his claims that he did not enter into the plea agreement knowingly and intelligently, the Court was without jurisdiction to impose an enhanced sentence, and that his sentence was improper under *United States v. Booker*, 125 S. Ct. 738 (2005).[1] Alternatively, he argues that, if as the Government contends *Booker* is non-retroactive, such that any petition brought pursuant to 28 U.S.C. § 2255 based on *Booker* would be denied, a writ of audita querela is his only available remedy and is therefore appropriate. The Court disagrees.

As an initial matter, "audita querela is not available when the relief sought is

---

[1] *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756.

available through another post-conviction remedy." *Durrani v. United States*, 294 F. Supp. 2d 204, 217 (D. Conn. 2003), *aff'd on other grounds*, 115 Fed. Appx. 500 (2d Cir. 2003). Here, all of Defendant's arguments could have been raised on direct appeal or in a habeas corpus petition, neither of which was pursued by Defendant. Accordingly, Defendant's petition for a writ of audita querela must be denied.

Defendant's *Booker* claims require further discussion, however. The Second Circuit has held that "*Booker* is not retroactive, *i.e.,* it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that *Booker* issued." *Guzman v. United States*, 404 F. 3d 139, 144 (2d Cir. 2005). Here, Defendant's criminal conviction was final as of September 14, 1998.[2] Thus, *Booker's* procedural protections do not apply to Defendant and he would therefore not be entitled to habeas relief based thereon. Defendant, apparently aware of this obstacle to habeas relief, argues that because he cannot assert *Booker* claims via a habeas corpus petition, the relief he seeks *is* otherwise unavailable, thereby deeming audita querela relief appropriate. Defendant is mistaken.

The fact that Defendant's *Booker* claims would have been unsuccessful had Defendant pursued them via a habeas corpus petition does not render the relief sought "unavailable" for purposes of audita querela. As the Government succinctly states, "It would be ironic indeed if a petitioner could be afforded the relief he seeks by use of an alternative writ simply by demonstrating that his claim has no merit when brought by means of the proper writ."

---

[2] A defendant must file a notice of appeal within ten days after judgment is entered in the criminal docket. *See* Fed. R. App. P. 4(b)(1)(A). Here, judgment was entered in the docket on September 4, 1998. Because Defendant did not appeal, his conviction became final ten days later, or on September 14, 1998.

(Gov't's Response at 4.) In any event, even if the Court were to consider the merits of Defendant's *Booker* claims, they would still fail. *Guzman* held that *Booker* is not retroactive not simply to cases brought pursuant to 28 U.S.C. § 2255 but to "cases on collateral review," a category that is not limited to habeas corpus petitions. *See LaPlante*, 57 F.3d at 253 (characterizing petition for writ of audita querela as seeking "collateral relief" and as a "collateral attack"). Thus, to the extent Defendant's writ of audita querela seeks relief pursuant to *Booker, Guzman* compels the conclusion that the writ must be denied.

In sum, Defendant's petition for a writ of audita querela is denied in its entirety.

**SO ORDERED**

Dated: Central Islip, New York
      March 10, 2006

                                            _____/S/_____
                                            Denis R. Hurley
                                            United States District Judge